**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEX RIAZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE; THOMAS DART, in his Individual and Official capacity as Sheriff of Cook County; JOHN DOE CORRECTIONAL OFFICERS,<br><br>Defendants. | ) | No. 24 C 10817<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

While housed as a pretrial detainee in the Cook County Jail ("CCJ"), Plaintiff Alex Riaz alleges a correctional officer attacked him without cause. Riaz initially filed a complaint *pro se* and then an amended complaint with the assistance of counsel. In his amended complaint, Riaz named as Defendants Thomas Dart, the Sheriff of Cook County, Illinois, in both his official and individual capacities, the Cook County Sheriff's Office ("CCSO"), and John Doe Correctional Officers. Riaz claims that the John Doe Correctional Officers violated his Fourteenth Amendment right to be free from excessive force. He also alleges that deficiencies in Dart's training program, known to Dart at the time, caused the attack, and that Dart's failure to address these deficiencies demonstrated deliberate indifference to the resulting constitutional harms, exposing Dart to *Monell* liability. Finally, Riaz brings an indemnification claim against CCSO. Dart now moves to dismiss the claims against him, as well as the indemnification claim against CCSO, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Although the

[1] Dart has not made any arguments on behalf of the John Doe Correctional Officers. Riaz has yet to identify or serve the John Doe Correctional Officers, and so the Court questions whether he may continue

Court does not find it appropriate to resolve whether the statute of limitations bars Riaz's claims against Dart without further factual development, the Court nonetheless dismisses Riaz's claims against Dart for failure to state a claim. The Court also dismisses the indemnification claim against CCSO because Cook County, not CCSO, is the proper party for indemnification purposes.

## BACKGROUND

### I. Factual Allegations[2]

On December 2, 2022, while Riaz was a pretrial detainee in CCJ's Division 9, Correctional Officer Bryan Paciscio attacked him, subjecting him to numerous blows to the nose and face. Although Riaz screamed for assistance, his pleas for help were largely ignored. Several John Doe Correctional Officers, as well as Officer Valdez, arrived at the scene. Officer Valdez helped restrain Riaz, placing his body weight on Riaz and putting restraints on him, while the other John Doe Correctional Officers stood by. Correctional officers escorted Riaz to Cermak Health Services, where he underwent a CAT scan before returning to his cell. On December 4, 2022, Riaz wrote a grievance about the incident and submitted it to John Doe Correctional Officers, who indicated they would take care of the grievance. Riaz never received any response to his grievance.

### II. Procedural History

Riaz submitted his complaint in this case on October 18, 2024, naming as Defendants Paciscio, Valdez, and unnamed John Doe officers. He alleged that Paciscio used excessive force

---

to proceed against them. The Court orders Riaz to be prepared to address the status of the John Doe Correctional Officers at the next status hearing.

[2] The Court takes the facts in the background section from Riaz's amended complaint and presumes them to be true for the purpose of resolving Dart's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

against him and that Valdez and the unnamed officers failed to intervene. On September 25, 2025, this Court granted Riaz leave to proceed with his suit *in forma pauperis*, allowed his claims against Paciscio and Valdez to proceed, and recruited counsel to represent Riaz. With counsel's assistance, on April 23, 2026, Riaz filed the amended complaint.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Statute of Limitations and Relation Back

Dart first argues that the Court should dismiss Riaz's claims against him because the statute of limitations has run. Riaz's § 1983 claims are subject to a two-year statute of limitations. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). Although Riaz timely filed his original complaint, he did not name Dart as a Defendant until April 23, 2026. By this time, over two years had passed since the December 2, 2022 incident at issue in the suit. Riaz

nonetheless contends that he may proceed on his claims against Dart because they relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C).

Under Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original complaint where:

> (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*."

*Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021) (quoting Fed. R. Civ. P. 15(c)). Dart does not dispute that the claims against him stem from the same occurrence at the heart of Riaz's original complaint. But he argues that he did not receive notice of the action within the Rule 4(m) period and that Riaz did not make a mistake in naming Dart in his initial complaint.

Dart first contends that he did not receive notice of the case within ninety days of the filing of the original complaint, as required by Rule 4(m). Rule 4(m), however, provides that the Court must extend the time for service where a plaintiff shows good cause for failing to effectuate such service. Fed. R. Civ. P. 4(m). Here, given that Riaz filed this case *pro se* as a prisoner, he could not serve his complaint until the Court screened it under 28 U.S.C. § 1915A. *Rodriguez v. McCloughen*, 49 F.4th 1120, 1122 (7th Cir. 2022). As such, the delay in screening Riaz's complaint qualifies as "'good cause' for belated service, which increases the time for relation back under Rule 15(c)." *Id.* at 1123. The Court thus treats September 25, 2025 as the date from which the ninety-day clock should run. Riaz argues that Dart should have known he was the intended supervisory defendant at least by the time of his counsel's investigation, which presumably would have occurred within this period of time. Dart does not address this period of

time, and so the Court does not have sufficient information to determine whether he had notice during this time. Regardless, Dart identifies no prejudice that he faces from proceeding with the claims against him.

As for mistake, Rule 15(c)(1)(C)(ii) asks if the defendant "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). "[K]nowingly suing a John Doe defendant is not a 'mistake' within the meaning of Rule 15(c)." *Herrera*, 8 F.4th at 495. Further, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). That said, a deliberate but mistaken choice not to sue a prospective defendant given "a misunderstanding about his status or role in the events giving rise to the claim at issue" "does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* Indeed, a mistake about whether to sue an entity or an individual (or both) is a common legal mistake and is "the very type of mistake Rule 15 contemplates." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). Given that the statute of limitations is an affirmative defense and the Court cannot determine what Dart knew or should have known and when he knew it, the Court declines to make a definitive finding on the question of relation back at the pleadings stage. *See Williams v. City of Chicago*, No. 14 C 6959, 2017 WL 1545772, at *3 (N.D. Ill. Apr. 28, 2017) ("The Court must await a more developed record, which will reveal what the defendants knew or should have known and when they knew it, before ruling on the statute of limitations issues defendants have raised in their response briefs." (citations omitted) (internal quotation marks omitted)); *Ryan v.*

*City of Chicago*, No. 15 C 9762, 2016 WL 6582570, at *2 (same). The Court therefore turns to Dart's remaining arguments for dismissal.

**II. Individual Capacity Claim against Dart**

Dart next argues that the Court should dismiss Riaz's claim against him in his individual capacity because the amended complaint does not allege that Dart had any personal involvement in the alleged constitutional violation. Because § 1983 creates a claim based on personal liability and predicated on fault, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citation omitted) (internal quotation marks omitted); *see also Childress v. Walker*, 787 F.3d 433, 439–40 (7th Cir. 2015) ("[A]n individual must be personally responsible for a constitutional deprivation in order to be liable, [but] personal responsibility is not limited to those who participate in the offending act."). For this reason, Riaz cannot hold Dart liable under § 1983 based on *respondeat superior*. *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). In other words, the mere fact that a sheriff is a supervisor is insufficient to impart liability, even if he was negligent. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *see Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable[.]").

Instead, Dart may be held liable in his individual capacity where the conduct occurred at his direction or with his knowledge or consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, Dart must have "know[n] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Id.* (quoting *Jones*, 856 F.2d at 992). Dart need not have participated directly in the deprivation, but he must have acquiesced in some demonstrable way to the alleged constitutional violation. *Sanville*, 266 F.3d at 740.

Riaz states that he premises his individual capacity claim against Dart on Dart's "affirmative conduct—specifically, his failure to train, supervise, and discipline correctional officers regarding the use of force against detainees." Doc. 44 at 3. But Riaz makes no allegations tying Dart to the allegedly excessive force used against Riaz by Paciscio. Without such allegations, Riaz cannot proceed against Dart in his individual capacity. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (allegations against chief of police concerning a failure to train did not suffice to allow a claim against the chief in his individual capacity without allegations that the chief "knew about or was personally involved in the specific conduct"); *see also Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

**III. Official Capacity Claim against Dart**

As for Riaz's official capacity claim against Dart, a municipality or official may be held liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a *Monell* claim, Riaz must allege: "(1) [he] was deprived of a constitutional right; (2) the deprivation can be traced 'to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself'; (3) 'the policy or custom demonstrates municipal fault, i.e., deliberate indifference'; and (4) 'the municipal action was the moving force behind the federal-rights violation.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023). Riaz can demonstrate municipal action through allegations of "(1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) a constitutional injury "caused by a person with final policymaking authority." *Est. of Moreland v. Dieter*, 395 F.3d 747, 758–59 (7th Cir. 2005) (citation omitted). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

Riaz alleges that Dart failed to train, supervise, and discipline correctional officers regarding the use of force. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To sufficiently assert a failure to train theory, Riaz must allege that Dart's "failure to train amounts to deliberate indifference to the rights of persons with whom [CCSO employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389. Deliberate indifference exists where "the defendant (1) failed to provide adequate training in light of foreseeable consequences; or (2) failed to act in response to repeated complaints of constitutional violations by its officers." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 345 (7th Cir. 2018). While "failure-to-train liability does not require proof of widespread constitutional violations before that failure becomes actionable," for "a single violation [to] suffice," Riaz must also assert "a recurring, obvious risk." *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021).

Here, Riaz includes no allegations suggesting that Dart had actual knowledge of the use of excessive force by correctional officers at CCJ or of a recurring, obvious risk of the use of

excessive force at CCJ. Without any such allegations, Riaz cannot proceed on his *Monell* claim. *See Dawson v. Dart*, No. 17-cv-00283, 2020 WL 1182659, at *4 (N.D. Ill. Mar. 12, 2020) ("Dawson, however, does not allege sufficient facts supporting her claim that that the Sheriff's officers 'so often violate constitutional rights that the need [for] further training' was 'plainly obvious' to the Sheriff." (quoting *Canton*, 489 U.S. at 390 n.10)); *Miller v. City of Chicago*, No. 19 CV 4096, 2019 WL 6173423, at *2 (N.D. Ill. Nov. 20, 2019) ("There is no allegation to support an inference that unlawful hotel searches are so rampant that the failure to train reflects a deliberate indifference to the constitutional rights of guests like Miller."); *cf. Flores*, 997 F.3d at 733–34 (allegations of a city's failure to train sufficed at the pleading stage where the plaintiff alleged that the city "knew that its officers routinely drove over 50 miles per hour, but it took no steps to prevent this behavior").

**IV. Indemnification Claim against CCSO**

Finally, CCSO argues that the Court should dismiss the indemnification claim against it because the Court has dismissed all substantive claims against Dart. Additionally, CCSO notes that to the extent that any substantive claims remain, Cook County, not CCSO, is the proper party for indemnification. *See* 55 Ill. Comp. Stat. 5/5-1002 (county has the duty to indemnify the sheriff and its deputies); *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) (state law requires the county to indemnify judgments entered against the sheriff's office because the county funds the sheriff's office). Because CCSO is not the proper party for an indemnification claim, the Court dismisses the indemnification claim against CCSO.[3]

[3] To the extent that any underlying claim remains, Riaz could amend his complaint to name Cook County as a defendant for purposes of an indemnification claim.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [39]. The Court dismisses the individual and official capacity claims against Dart without prejudice and the indemnification claim against CCSO with prejudice.

Dated: November 18, 2026

SARA L. ELLIS
United States District Judge